IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDWARD RIDLEY, #276808, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv377-TMH |
| | ) | (WO) |
| GARY HETZEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* petitioner Edward Ridley "(Ridley")," a state inmate at the Easterling

Correctional Facility in Clio, Alabama, has filed the above-captioned action for habeas

corpus relief pursuant to 28 U.S.C. § 2254.  Ridley's current custody is apparently based on

a February 2011 conviction in the Pike County, Alabama, Circuit Court, for promoting prison

contraband in the second degree.

In his § 2254 petition as amended (Doc. Nos. 1 and 3), Ridley asserts that the

requirements of the sex offender registration laws of Alabama, Georgia, and Florida violate

his due process rights. It appears that as a result of a 1996 conviction in Florida for sexual

battery, Ridley has been required to register as a sex offender in Florida, Georgia, and

Alabama.  It further appears that Ridley long ago completed the sentence imposed for the

Florida conviction.  Although the basis for his instant legal challenge is unclear, Ridley seeks

an order from this court directing state courts in Alabama, Georgia, and Florida to

discontinue his sex offender registration requirements under the statutes of those states and

to remove his name from the sex offender registries in those states.  Ridley also argues that he was denied access to the courts and that his right to counsel was violated when state courts in Alabama and Georgia refused to appoint counsel to represent him in conjunction with his attempts to discontinue his sex offender registration requirements.  Finally, Ridley argues that he is innocent of his 1996 sexual battery conviction in Florida and that therefore that conviction should be vacated.

Habeas corpus relief pursuant to 28 U.S.C. § 2254 is available to a state prisoner who challenges the constitutionality of the basis of his state custody. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 504-05 (1973); *Thomas v. Crosby*, 371 F.3d 782, 786-87 (11th Cir. 2004); 28 U.S.C. § 2254(a).  Ridley is apparently currently in the custody of the State of Alabama under a February 2011 conviction in Pike County for promotion of prison contraband.  However, he does not challenge the constitutionality of the basis for that custody and, indeed, asserts no infirmity in his Alabama conviction. While he does challenge the constitutionality of the laws of several states – including Alabama – that require him to register as a sex offender, his obligation to register as a sex offender stems from his 1996 conviction in Florida for sexual battery.  He has completed the sentence imposed for that conviction.

As for Ridley's obligations under the sex offender registration laws of Florida, Georgia, and Alabama, numerous courts have found uniformly that sex offender registration requirements do not satisfy the "in custody" requirement for habeas corpus claims and that,

therefore, challenges to registration as a sex offender are not cognizable in habeas corpus actions. *See, e.g., Virsnieks v. Smith*, 521 F.3d 707, 717-20 (7th Cir. 2008) (collecting cases and finding that Wisconsin's sex offender registration requirements are remedial rather than punitive and therefore do not satisfy the "in custody" requirement for habeas corpus claims); *see also Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002) (same finding under Ohio's sex offender registration statute and dismissing habeas petition after concluding that Ohio's statute does not place an offender "in custody" for purposes of § 2254); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (same finding under California's sex offender registration statute); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (same finding under Oregon's sex offender registration statute); *Williamson v. Gregoire*, 151 F.3d 1180, 1184-85 (9th Cir. 1998) (same); *Davis v. Nassau County*, 524 F.Supp.2d 182, 187-89 (E.D. N.Y. 2007) (collecting cases and finding same under New York's and Oklahoma's sex offender registration statutes); *Hansen v. Marr,* 594 F.Supp.2d 1097, 1100-01 (D.Neb. 2009) (analyzing other circuits and holding that registration as a sex offender, and the potential for future incarceration for failure to do so, does not satisfy the "in custody" requirement for habeas relief).

Thus, any challenge by Ridley to the constitutionality of the sex offender registration requirements of Alabama, Georgia, or Florida as applied to him should be presented in an action under 42 U.S.C. § 1983 filed in a federal court sitting in the state whose statute and actions he seeks to challenge. This court is clearly not the appropriate forum for Ridley to

challenge the constitutionality of the sex offender registration requirements of Georgia or Florida. Nor is this court the appropriate forum for Ridley to challenge his 1996 Florida conviction for sexual battery. Because Alabama's sex offender registration requirements do not satisfy the "in custody" requirement for the purpose of habeas corpus claims under 28 U.S.C. § 2254, the instant action should be DISMISSED for lack of jurisdiction.

Also before the court are Ridley's emergency motions seeking a preliminary injunction and temporary restraining order. (Doc. Nos. 10, 11, and 13.) In view of the undersigned's recommendation to dismiss the instant action, these motions are due to be denied as moot.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that

1. The 28 U.S.C. § 2254 petition for habeas corpus relief, as amended (Doc. Nos. 1 and 3), be DENIED and that this case be DISMISSED for lack of jurisdiction.

2. The motions seeking a preliminary injunction and temporary restraining order (Doc. Nos. 10, 11, and 13) be DENIED as moot.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 21, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and

recommendations shall bar a party from a de novo determination by the District Court of

issues covered in the Recommendation and shall bar the party from attacking on appeal

factual findings accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981, *en banc*).

      DONE, this 7th day of July, 2011.


                /s/ Susan Russ Walker
                SUSAN RUSS WALKER
                CHIEF UNITED STATES MAGISTRATE JUDGE